JODY A. LANDRY, Bar No. 125743
jlandry@littler.com
JERRILYN T. MALANA, Bar No. 195260
jmalana@littler.com
KYLE W. NAGEOTTE, Bar No. 285599
knageotte@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
Telephone:   619.232.0441
Facsimile:    619.232.4302

Attorneys for Defendants
AVIS RENT A CAR SYSTEM, LLC (erroneously
sued as "AVIS RENT A CAR SYSTEM, INC.");
BUDGET RENT A CAR SYSTEM, INC.; and
AVIS BUDGET GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM HANCOCK, on behalf of herself and all others similarly situated, | Case No.  2:14-cv-4587 BRO(MAN) |
| Plaintiff, | **DEFENDANTS' STATUS REPORT ON RELATED STATE COURT ACTION** |
| v. | [CIV. LOCAL RULE 83-1.4] |
| AVIS RENT A CAR SYSTEM, INC., a Delaware Corporation, BUDGET RENT A CAR SYSTEM, INC., a Delaware Corporation, AVIS BUDGET GROUP, INC., a Delaware Corporation, and DOES 1-100, inclusive, | Complaint Filed:  April 29, 2014<br>Trial Date:         November 17, 2015 |
| Defendants. | |

DEFENDANTS' STATUS REPORT OF
RELATED STATE COURT ACTION

CASE NO.  2:14-CV-4587 BRO(MAN)

1    Defendants AVIS RENT A CAR SYSTEM, LLC, BUDGET RENT A CAR
2  SYSTEM, INC. and AVIS BUDGET GROUP, INC. ("Defendants") provide the
3  following status report regarding the related state court matter, *Gelasio Salazar, et al.*
4  *v. Avis Budget Group, Inc., et al.*, Case No. D065148, pending before the California
5  Court of Appeal, Fourth Appellate District, Division One ("*Salazar* matter"). In the
6  *Salazar* matter, the plaintiffs had appealed the trial court's order denying class
7  certification with regard to the putative class of "Auto Mechanics".
8    This Court granted a partial stay in the instant action on July 22, 2014, with
9  regard to all claims pertaining to "Auto Mechanics" pending final disposition of the
10  *Salazar* matter, as the claims in the *Salazar* matter overlap with the claims in the
11  instant action.
12    On February 27, 2015, the California Court of Appeal issued its order *affirming*
13  the trial court's order denying class certification. Attached hereto as Exhibit "A" is
14  the California Court of Appeal's unpublished order in the *Salazar* matter.

17  Dated:   March 4, 2015

                                              /s/ Jerrilyn T. Malana
18                                            JODY A. LANDRY
19                                            JERRILYN T. MALANA
                                              KYLE W. NAGEOTTE
20                                            LITTLER MENDELSON, P.C.
                                              Attorneys for Defendants
21                                            AVIS RENT A CAR SYSTEM, LLC,
                                              BUDGET RENT A CAR SYSTEM,
22                                            INC., and AVIS BUDGET GROUP,
                                              INC.

Firmwide:132011161.1 035682.1118

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANTS' STATUS REPORT OF          1.          CASE NO. 2:14-CV-4587 BRO(MAN)
RELATED STATE COURT ACTION

# EXHIBIT A

Filed 2/27/15  Salazar v. Avis Budget Group CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

|  |  |
|---|---|
| GELASIO SALAZAR et al., | D065148 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. GIC 876049) |
| AVIS BUDGET GROUP, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, Ronald L. Styn, Judge.  Affirmed.

Pope, Berger & Williams, Pope, Berger, Williams & Reynolds, Harvey C. Berger and Timothy G. Williams; Hosey & Bahrambeygui and Patrick L. Hosey; Boudreau Williams and Jon R. Williams for Plaintiffs and Appellants.

Littler Mendelson, Theodore R. Scott, Jody A. Landry and Jerrilyn T. Malana for Defendants and Respondents.

Gelasio Salazar and Saad Shammas (together, Plaintiffs) appeal an order denying their motion for class certification of a putative class of employees of Avis Budget

EXHIBIT A<br>PAGE 4

Group, Inc., Avis Budget Car Rental, LLC, AB Car Rental Services, Inc., Budget Rent A Car System, Inc., and Avis Rent A Car System, LLC (together, Avis). Plaintiffs alleged that Avis failed to provide various classifications of auto mechanics with meal periods or premium wages for missed meal periods in accordance with California law. On appeal, Plaintiffs contend the trial court (1) relied on improper criteria to deny class certification, and (2) failed to properly consider their theory of the case and instead improperly examined the merits of their claims. We conclude that the trial court was within its discretion to deny the motion for class certification, and we accordingly affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Avis employed Plaintiffs as mechanic's helpers. In November 2006, they filed a class action complaint against Avis for alleged meal period and other labor violations. Avis removed Plaintiffs' complaint to federal court. Plaintiffs later moved to certify a state-wide class of auto mechanics who had performed work for Avis since November 2002. The federal court denied class certification, finding individual issues predominated. The federal court remanded the case.

In August 2013, Plaintiffs filed a renewed motion for class certification in the superior court. Plaintiffs requested certification of a class of "[a]ll Auto Mechanics who have worked for [Avis] for a period of more than six hours on one or more days on and after November 27, 2002 until December 31, 2011." The purported class included individuals employed under the classifications of mechanic, mechanic's helper, technician, lube technician, "201," utility agent and other similar positions (collectively,

2

auto mechanics). Plaintiffs argued Avis lacked proper records showing meal periods were always taken. Further, Plaintiffs claimed that Avis had a practice to never pay meal period premium wages. Thus, Plaintiffs stated their theory of recovery was that "for each day on which an Auto Mechanic's time records show that he/she worked more than six hours but without at least a thirty-minute meal period which started by the sixth hour of work, he/she [was] owed a meal period premium payment; and for each day on which an Auto Mechanic's time records show that he/she worked more than ten hours but without at least a second thirty-minute meal period which started by the tenth hour of work, he/she [was] owed a meal period premium payment."

To support their motion, Plaintiffs produced evidence that they and other Avis auto mechanics did not always receive meal breaks of at least thirty minutes on days when they worked more than six hours and a second thirty minute meal break on days when they worked more than ten hours. These individuals also did not receive extra compensation on those days. Plaintiffs claimed that although Avis's policy was to comply with the law, its practices encouraged employees to delay, skip or interrupt meal periods. Meal periods were not always recorded on time records. Further, Avis did not have a policy regarding paying extra compensation if an auto mechanic failed to record a full meal period.

Avis opposed the class certification motion, arguing that individual issues would predominate. Avis asserted some but not all of the defendant entities employed auto mechanics throughout California. Auto mechanics at some locations were part of unions and covered by collective bargaining agreements while others were not. The collective

3

bargaining agreements varied from facility to facility and each contained different terms and conditions. For example, some collective bargaining agreements contained specific provisions for meal periods while others were silent on the topic.

Avis's policy in regard to meal periods was to comply with state laws. However, the manner in which the policy was implemented varied at each facility. In some locations, auto mechanics were not required to punch out for their meal periods and the practice was for those meal periods to be paid time. In other locations, auto mechanics were required to clock out for their meal periods, but still received compensation for that time. In yet other locations, auto mechanics were required to clock out for meal periods but were not paid for that time.

Avis also submitted declarations from auto mechanics showing the manner in which they took meal breaks varied by location. The declarants understood that they were allowed to take a thirty minute meal break. Some auto mechanics started their meal break at a specified time while others had flexibility to decide when to take their meal break. In some locations, a bell sounded to notify auto mechanics to start their meal period and in other locations auto mechanics decided on their own when to take a meal break. While some auto mechanics always took their meal break, others voluntarily chose to take shorter breaks or skip them altogether on occasion. In certain locations, some auto mechanics chose to delay their meal break until finishing the task they were working on.

The trial court denied Plaintiffs' renewed motion for class certification. After setting forth the legal standards governing class certification, the trial court concluded

4

Plaintiffs had failed to establish the existence of "'predominant common questions of law

or fact.'"  The trial court identified Plaintiffs' theory of recovery and then detailed the

evidence demonstrating a lack of commonality for class claims.  The trial court stated the

following:

> "The evidence presented shows a significant variance in whether,
> when and how putative class members received meal breaks. The
> evidence from putative class members includes statements that
> compliant meal period policies were communicated to them; no meal
> period policy was explained to them; they understood that they were
> allowed to take a 30 minute meal period each day before working
> more than five hours; no one was impeded or discouraged from
> taking a meal period, or pressured to take a shorter meal period; they
> were never directed to skip a meal period; they received meal breaks
> of 30 minutes; they did not receive meal breaks of 30 minutes; they
> were required to clock out for meal breaks; they were not required to
> clock out for meal breaks; they forgot to clock out for meal breaks;
> they did not receive their meal break at the required time (5 hours;
> 10 hours); they did not receive uninterrupted meal breaks; there were
> occasions when they opted not to take a meal break; they voluntarily
> took later meal breaks; they chose to return from [their] meal breaks
> early so they could leave work earlier; they chose not to take their
> second meal break (after 10 hours) because they wanted to leave
> work earlier; they were allowed to take their meal break without
> clocking out; they clocked out for meal breaks; and they signed meal
> period waivers.  In sum, the evidence as to why employees missed
> meal breaks varies and appears to be, at least in some instances,
> based on the personal choice of the employee.  The evidence also
> shows that the procedures for taking meal periods varied by location
> and by shift.  At some locations all employees on a shift took meal
> periods together; at other locations, meal period times were assigned,
> and at still other locations, employees chose when to take a meal
> period.  At some locations the time for taking meal periods was
> tracked; at other locations it was not tracked because meal periods
> were paid.  The evidence also shows that applicable collective
> bargaining agreements, which address meal periods, varied from
> facility to facility, and that some facilities were non-union.  This
> evidence does not support a finding of a uniform practice.  Rather,
> this evidence establishes that the practice of taking meal periods
> varied among employees.  In the absence of evidence of a uniform

5

policy or practice, Plaintiffs fail to demonstrate how their meal period claims could be shown 'through common proof.' As in *Brinker*, where no substantial evidence points to a uniform, companywide policy, proof of liability will have to be based on an 'employee-by-employee fashion' demonstrating when and why they did not receive appropriate meal periods. [(*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1052 (*Brinker*).)] Such variance in practices precludes a common method of proof. As such there is insufficient basis for a finding of commonality."

The trial court went on to discuss Plaintiffs' claim that Avis's failure to always keep time records of meal breaks established commonality. In that regard, the trial court concluded Plaintiffs did not demonstrate a uniform policy on the part of Avis to deprive putative class members the ability to take meal breaks and without such showing, Plaintiffs did not establish that common issues predominate. The trial court concluded that Avis's evidentiary burden to keep time records "does not dispense with the requirement that Plaintiffs[] demonstrate commonality."

DISCUSSION

I. *General Legal Principles and Standard of Review*

"State law obligates employers to afford their nonexempt employees meal periods and rest periods during the workday. . . . Employers who violate these requirements must pay premium wages. [Citations.]" (*Brinker*, *supra*, 53 Cal.4th at p. 1018.) An employer satisfies its obligation to provide meal periods "if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30–minute break, and does not impede or discourage them from doing so." (*Id.* at p. 1040.) "[T]he employer is not obligated to police meal breaks and ensure no work thereafter is performed." (*Ibid.*)

6

Pursuant to Labor Code section 512, subdivision (a), "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . . An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes." In certain circumstances, these meal periods may be waived by mutual consent of the employer and the employee. (*Ibid.*)

"On review of a class certification order, an appellate court's inquiry is narrowly circumscribed. 'The decision to certify a class rests squarely within the discretion of the trial court, and we afford that decision great deference on appeal, reversing only for a manifest abuse of discretion: "Because trial courts are ideally situated to evaluate the efficiencies and practicalities of permitting group action, they are afforded great discretion in granting or denying certification." [Citation.]'" (*Brinker, supra,* 53 Cal.4th at p. 1022.)

"'A certification order generally will not be disturbed unless (1) it is unsupported by substantial evidence, (2) it rests on improper criteria, or (3) it rests on erroneous legal assumptions. [Citations.]' [Citations.] Predominance is a factual question; accordingly, the trial court's finding that common issues predominate generally is reviewed for substantial evidence. [Citation.] We must '[p]resum[e] in favor of the certification order . . . the existence of every fact the trial court could reasonably deduce from the record . . . .' [Citation.]" (*Brinker, supra,* 53 Cal.4th at p. 1022.) Thus, we will affirm if substantial evidence supports the court's ruling, even if there is evidence that might also

7

support a contrary ruling.  (*Dailey v. Sears, Roebuck & Co.* (2013) 214 Cal.App.4th 974, 988 [noting a court of review does not reweigh evidence but draws all reasonable inferences supporting the order].)

## II.  *Predominance of Common Issues*

Plaintiffs contend the trial court relied on improper criteria to deny class certification.  Specifically, they assert the trial court did not give proper weight to Avis's failure to keep proper time records of meal breaks, which Plaintiffs assert created a presumption that Avis was not providing meal periods.  We reject Plaintiffs' argument.

A party seeking class certification has the burden of establishing the prerequisites to certification and "'more than "a reasonable possibility" that class action treatment is appropriate.'"  (*Miller v. Bank of America, N.A.* (2013) 213 Cal.App.4th 1, 7.)  That party must show "the existence of an ascertainable and sufficiently numerous class, a well-defined community of interest, and substantial benefits from certification that render proceeding as a class superior to the alternatives."  (*Brinker, supra*, 53 Cal.4th at p. 1021; see also Code Civ. Proc., § 382.)  "The community of interest requirement embodies three factors: (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class."  (*Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 462, 470.)

The element of predominant common questions requires, essentially, that factual and legal questions common to the claims of the putative class members predominate over issues affecting members individually.  (See *Brinker, supra*, 53 Cal.4th at p. 1021

8

[observing that the "'ultimate question' the element of predominance presents is whether 'the issues which may be jointly tried, when compared with those requiring separate adjudication, are so numerous or substantial that the maintenance of a class action would be advantageous to the judicial process and to the litigants'"].) "In wage and hour cases where a party seeks class certification based on allegations that the employer consistently imposed a uniform policy or de facto practice on class members, the party must still demonstrate that the illegal effects of this conduct can be proven efficiently and manageably within a class setting." (*Duran v. U.S. Bank National Assn.* (2014) 59 Cal.4th 1, 29.)

Generally, "'if the defendant's liability can be determined by facts common to all members of the class, a class will be certified even if the members must individually prove their damages.'" (*Brinker, supra*, 53 Cal.4th at p. 1022.) In resolving this issue, a trial court "must examine the plaintiff's theory of recovery, assess the nature of the legal and factual disputes likely to be presented, and decide whether individual or common issues predominate. To the extent the propriety of certification depends upon disputed threshold legal or factual questions, a court may, and indeed must, resolve them." (*Id.* at p. 1025.)

Here, the trial court relied on proper criteria to deny Plaintiffs' class certification motion. The trial court set forth the correct standard for certification, noting the requirement that Plaintiffs demonstrate predominant questions of law or fact. The court found this factor was dispositive of Plaintiffs' motion.

9

At the outset, the court concluded that Plaintiffs failed to present evidence establishing a uniform policy on the part of Avis to deprive putative class members of the ability to take meal breaks. This conclusion is supported by the record. Avis submitted declarations from numerous auto mechanics stating that they understood they were allowed to take meal breaks. Some auto mechanics always took their meal break and others voluntarily chose to take shorter breaks or skip them altogether on occasion. Avis's policy was to comply with state law in regard to providing meal periods. Plaintiffs did not produce evidence establishing that Avis had a uniform policy or practice that deprived auto mechanics from taking full meal periods. Even if Plaintiffs had established a uniform policy, however, the inquiry does not end there. (*Koval v. Pacific Bell Telephone Co.* (2014) 232 Cal.App.4th 1050, 1062-1063 (*Koval*) [holding that "the existence of a uniform policy is not the sole deciding factor in a certification analysis" and certification was properly denied where company's supervisors differed in implementing meal period policies].)

Indeed, as the trial court aptly detailed (see *ante*, part I), there were numerous variances in whether, when and how putative class members received meal breaks. For example, some auto mechanics clocked out for their meal periods and others did not. Of those who clocked out, some were paid for that time and some were not. Some auto mechanics started their meal break at a specified time while others had flexibility to decide when to take their meal break. Certain locations used a bell system to notify auto mechanics to start their meal period and in other locations auto mechanics decided on their own when to take a meal break. Additionally, some auto mechanics were under

10

union contracts that had provisions for meal periods, some union contracts were silent on the issue, and some auto mechanics were not part of collective bargaining agreements. This evidence shows that Avis did not consistently apply a policy or practice that denied auto mechanics their full meal periods as required by law.  (See *Brinker*, *supra*, 53 Cal.4th at p. 1033; cf. *Faulkinbury v. Boyd & Associates, Inc.* (2013) 216 Cal.App.4th 220, 225 & 233 (*Faulkinbury*) [noting class certification of three subclasses was proper because, unlike the instant case, the defendant security guard company there had a uniform policy, as reflected both in an agreement it made its employees sign and in the deposition testimony of a company vice-president, requiring employees to take on-duty meal periods and not to leave their posts for any off-duty rest breaks because the company believed the nature of the work prevented an employee "from being relieved of all duties"].)  Thus, we agree with the trial court that "the requisite commonality is absent in this case."

Largely ignoring the numerous factors the trial court detailed for finding lack of commonality (see *ante*, part I), Plaintiffs focus on Avis's alleged failure to keep proper time records of meal breaks.  Relying primarily on a statement made by Justice Werdegar in her concurring opinion in *Brinker*, Plaintiffs contend that because Avis did not always record meal periods for auto mechanics, a rebuttable presumption arose that no such meal periods were provided for purposes of class certification.  (See *Brinker*, *supra*, 53 Cal.4th at p. 1053 (conc. opn. of Werdegar, J.) [stating that if an employer's records show no meal period for a given shift over five hours, "a rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided"].)  However,

11

Justice Werdegar's statement in a concurring opinion is not binding precedent (see

*Turney v. Collins* (1941) 48 Cal.App.2d 381, 388) and does not shift the burden to a

defendant to refute a class-wide finding of meal break violations.  (See, e.g., *Seckler v.*

*Kindred Healthcare Operating Group, Inc.* (C.D.Cal. Mar. 5, 2013, No. SACV 10-01188

DDP (Rzx)) 2013 U.S.Dist. Lexis 29940, *8 [rejecting argument that statement by Justice

Werdegar in *Brinker* relieved plaintiffs of their ultimate burden to establish requirements

for class certification, including a showing there are questions of law or fact common to

the class, but noting the defendant employer would have the burden to rebut the

presumption of inadequate meal periods for an individual employee].)  As we have

already discussed, Plaintiffs have not established that common factual or legal issues

predominate.

Plaintiffs' arguments amount to a very narrow reading of the trial court's order.

Plaintiffs appear to suggest that the trial court's order denying certification purely hinged

on the issue of Avis's time records.  However, the order makes clear that the trial court

considered Plaintiffs' argument concerning Avis's time records and rejected certification

because despite the time records, Plaintiffs had not established common issues of law or

fact.  The trial court extensively detailed why Plaintiffs had not shown their class claims

could be established through common proof.  Where, as here, there are significant

variances in whether, when and how putative class members received meal breaks and

there is insufficient evidence of a common policy or practice, the trial court acted well

within in discretion in denying certification.  (See *Koval, supra,* 232 Cal.App.4th 1050.)

12

### III. *Trial Court's Consideration of the Merits of Plaintiffs' Claims*

Plaintiffs argue the trial court failed to properly consider their theory of the case and instead improperly examined the merits of their claims. We reject Plaintiffs' argument.

"'The certification question is "essentially a procedural one that does not ask whether an action is legally or factually meritorious."' [Citations.] A class certification motion is not a license for a free-floating inquiry into the validity of the complaint's allegations; rather, resolution of disputes over the merits of a case generally must be postponed until after class certification has been decided [citation], with the court assuming for purposes of the certification motion that any claims have merit [citation]. [¶] We have recognized, however, that 'issues affecting the merits of a case may be enmeshed with class action requirements . . . .' [Citations.] When evidence or legal issues germane to the certification question bear as well on aspects of the merits, a court may properly evaluate them. [Citations.] The rule is that a court may 'consider[] how various claims and defenses relate and may affect the course of the litigation' even though such 'considerations . . . may overlap the case's merits.'" (*Brinker, supra*, 53 Cal.4th at p. 1023.) "[A]ny 'peek' a court takes into the merits at the certification stage must 'be limited to those aspects of the merits that affect the decisions essential' to class certification." (*Id.* at p. 1024.)

Here, Plaintiffs claim their theory of the case was that "for each day on which an Auto Mechanic's time records show that he/she worked more than six hours but without at least a thirty-minute meal period which started by the sixth hour of work, he/she is

13

owed a meal period premium payment; and/or for each day on which an Auto Mechanic's time records show that he/she worked more than ten hours but without at least a second thirty-minute meal period which started by the tenth hour of work, he/she is owed a meal period premium payment." The trial court clearly considered this theory, concluding it was not persuaded by Plaintiffs' reliance on Avis's time records as establishing a uniform policy as the time records by themselves did not establish that Avis had a uniform policy or practice to deprive auto mechanics of meal periods.

We also reject Plaintiffs' contention that the trial court's interpretation of declarations offered by Avis amounted to an improper examination of the merits of their claims. The trial court did not overstep its bounds by considering Avis's declarations. Rather, the trial court considered all of the evidence before it, including declarations submitted by Plaintiffs and Avis, to assess whether class treatment was appropriate. The trial court did not deny certification based on a finding that Plaintiffs' complaint lacked merit as a matter of law. It did not suggest that in any regard. Rather, it appropriately considered the evidence before it bearing on the issue of commonality.

Lastly, we reject Plaintiffs' claim that the trial court made "a faulty legal assumption" that variances in whether, when and how putative class members received meal breaks defeated class certification. In asserting this argument, Plaintiffs rely on *Benton v. Telecom Network Specialists, Inc.* (2013) 220 Cal.App.4th 701 (*Benton*), *Faulkinbury, supra*, 216 Cal.App.4th 220, and *Bradley v. Networkers International, LLC* (2012) 211 Cal.App.4th 1129 (*Bradley*). Plaintiffs claim those cases stand for the proposition that certification cannot be denied based on variances in the way employees

14

took meal periods. However, those cases are all distinguishable as they involved a uniform policy or practice or lack thereof that impacted all employees the same way. (See *Benton*, at pp. 729-730; *Faulkinbury*, at p. 233; *Bradley*, at p. 1150.) Moreover, those cases do not dispense with the requirement that Plaintiffs establish their claims can be proved through common facts or law. Variances in the ways policies are implemented and the manner in which employees took meal periods are proper factors to consider in evaluating certification. (See *Koval*, *supra*, 232 Cal.App.4th 1050.) Each case must be addressed on its own unique facts. (*Ibid.*)

Based on the foregoing, we conclude Plaintiffs failed to meet their burden of establishing that common issues predominate and thus, the trial court acted well within its discretion in denying class certification.

## DISPOSITION

The trial court's order denying class certification is affirmed. Respondents are entitled to costs on appeal.

McINTYRE, J.

WE CONCUR:

NARES, Acting P. J.

HALLER, J.

15